United States District Court
Southern District of Texas
**ENTERED**
October 24, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NANBAM BLESSING DANIEL, § § Plaintiff, § § V. § § EZE MADUMERE and MARSHALL § MADUMERE, § § Defendants. § | CIVIL ACTION NO. H-19-1945 |

## **ORDER**

Pending in this case in which the parties have consented to proceed before the undersigned Magistrate Judge is Plaintiff's Motion to Dismiss (Document No. 10), in which Plaintiff seeks an Order dismissing Defendants' defamation counterclaim. Having considered the motion, the response in opposition, the supplemental authority filed by Plaintiff, the allegations in Defendants' counterclaim, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion to Dismiss (Document No. 10) is DENIED, but without prejudice to being re-asserted once Defendants have been given an opportunity to amend their pleadings.

This case was filed by Plaintiff against her former employers, claiming that she is a victim of "forced labor, involuntary servitude and human trafficking" and that her former employers failed to pay her the federally required minimum wage. She has alleged claims against Defendants for violations of the Trafficking Victims Protection Reauthorization Act, and violations of the Fair Labor Standards Act. Defendants Answered the Complaint and asserted a counterclaim for defamation. The entirety of the allegations supporting the defamation counterclaim are as follows:

15.   Defamation of character: Defendants Eze Marumere and Marshall Madumere have suffered irreparable harm from Plaintiff's false allegations. They have been subjected to ridicule and embarrassment in their communities and church as a result of the allegations and subsequent lawsuit. Plaintiff has falsely alleged that Defendants were physically and mentally abusive. trafficked and forced her into labor.

(Document No. 8 at 3). Plaintiff seeks dismissal of the defamation counterclaim, arguing: (1) that "Defendants have not pleaded sufficient facts to state a plausible claim for defamation under Texas law" and that the claim should be dismissed pursuant to Rule 12(b)(6); and (2) that the defamation claim is subject to dismissal under the Texas Citizen's Participation Act ("TCPA"). Subsequent to the filing of the Motion to Dismiss, as set forth in Plaintiff's "Notice of Supplemental Authority," Plaintiff withdrew its argument that the defamation counterclaim was subject to dismissal under the TCPA. That leaves Plaintiff's argument that Defendants have not stated a plausible defamation counterclaim.

"[T]o state a claim for defamation under Texas law, [a party plaintiff] must establish that the defendants (1) published a statement, (2) that was defamatory concerning the plaintiff, (3) while acting with at least negligence regarding the truth of the statement." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F.App'x 665, 675 (5th Cir. 2015). Allegations made in a pleading, or in connection with a judicial proceeding, cannot "serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982).

Here, the allegations in the counterclaim are scant and conclusory. In addition, nowhere are there any facts alleged about the contents or the defamatory statements or any facts alleged about the persons to whom the defamatory statements were made. Thus, when taking Defendants' factual

allegations as true, and disregarding the conclusory allegations, it is beyond doubt that Defendants have not stated a plausible defamation counterclaim insofar as there are simply no factual allegations to support the counterclaim in Defendants' pleadings. What cannot be determined on this record is whether Defendants could amend their counterclaim allegations to state a plausible defamation claim. At the Scheduling Conference held on October 8, 2019, Defendants' counsel represented that the defamation counterclaim was based on defamatory statements made by Plaintiff to third parties, and was not based on the allegations made in this judicial proceeding. Given that representation, Defendants should be afforded an opportunity to amend their counterclaim to provide needed details about the allegedly defamatory statements and the context in which they were made. Dismissal of the defamation counterclaim is therefore not warranted at this time, and it is

ORDERED that Defendants shall have fourteen (14) days from the date this Order is entered to amend their counterclaim. It is further

ORDERED that Plaintiff's Motion to Dismiss (Document No. 10) is DENIED, but without prejudice to being re-filed or re-asserted following the filing of Defendants' amended counterclaim.

Signed at Houston, Texas, this 24TH day of October, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

3